# ARNOLD & PORTER LLP

Jennifer L. Larson
Jennifer.Larson@aporter.com

212.715.1783
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

June 11, 2010

**VIA ECF**

The Honorable E. Thomas Boyle
United States Magistrate Judge
United States District Court for the
    Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

> Re:    Philip Morris USA Inc.'s Motion to Compel Defendants' Compliance with
> Second Set of Interrogatories and Requests for Production of Documents
> in *Philip Morris USA Inc. v. Paschall, et al.*, 09 Civ. 3673 (LDW)(ETB)

Dear Judge Boyle:

    Pursuant to Local Civil Rule 37.3, Plaintiff Philip Morris USA Inc. ("Philip Morris USA") respectfully submits this letter in support of its motion to compel compliance by Defendants Denise Paschall, Norman Bell, and Ronnie Bell (collectively, "Defendants"), with their discovery obligations in the above-referenced case.

    The facts of this case are familiar to the Court and will not be repeated here. On April 7, 2010, Philip Morris USA served a second set of interrogatories and requests for production of documents on Defendants. *See* Exhibits A-F. Each set contained seven requests designed to elicit information about Defendants' assets that is relevant to the prosecution of Philip Morris USA's claims against Defendants, including the measurement of damages. By letter dated May 10, 2010, counsel for Defendants Denise Paschall and Norman Bell, objected to the discovery requests on relevance grounds, and accused Philip Morris USA of seeking discovery of information of a "personal nature." *See* Exhibit G. On May 20, 2010, Philip Morris USA responded with a letter explaining the relevance of the discovery requests and renewing its demand for the information and documents sought therein. *See* Exhibit H. Counsel to the parties were scheduled to meet and confer on June 2, 2010, but Defendants' counsel refused to proceed with the scheduled meeting in light of Philip Morris USA's filing of an opposition to Defendants' motion to re-open discovery and an unrelated motion for protective order. On June 3, 2010, Defendants' counsel sent an email stating, in relevant part: "[a]s it concerns [Philip Morris USA's] second set of discovery requests, we shall attempt to provide the relevant docs, etc within the next two weeks." *See* Exhibit I. The email failed to mention the outstanding interrogatories, and did not provide a firm commitment to producing the requested documents despite the fact that discovery in this matter had closed days earlier.

The Honorable E. Thomas Boyle
June 11, 2010
Page 2

Defendants' objection to the relevance of the discovery requests is manifestly without merit, and their complaint that Philip Morris USA is invading their privacy is disingenuous. Philip Morris USA has established that Defendants illegally sold counterfeit MARLBORO® cigarettes at their smoke shops on the Poospatuck reservation. Philip Morris USA is therefore entitled to information that will shed light on the nature, timing and extent of Defendants' counterfeit trafficking, including the scope of such trafficking, the revenue and profits derived therefrom, and financial transactions that are or may have been associated with it.

Information about Defendants' profits and finances around the time that they sold counterfeit goods is also directly relevant to assessing damages. *See, e.g. Motorola, Inc. v. Abeckaser*, 2009 WL 2568529, at *2 (E.D.N.Y. Aug. 5, 2009); *Gucci America, Inc. v. Tyrrell-Miller*, 678 F. Supp. 2d 117, 122 (S.D.N.Y. 2008). Defendants should therefore be compelled to provide the limited discovery requested for this additional reason.

Defendants' resistance to participating in discovery is particularly troubling given the fact that they profited from counterfeit cigarette sales and then refused to respond to any substantive questioning at their depositions regarding the nature and extent of their misconduct, the manner in which they financed it, or the revenues or profits they earned. Indeed, with the exception of Norman Bell, who was ignorant of even the most basic aspects of the operation of his business, Defendants uniformly invoked the Fifth Amendment privilege and refused to provide any testimony at their respective depositions, regardless of subject matter. Defendants also refused to provide satisfactory responses to Philip Morris USA's First Set of Interrogatories and Request for Production of Documents, resulting in this Court granting Philip Morris USA's first motion to compel on March 15, 2010. It is clear that Defendants have chosen to engage in a pattern of obstruction and delay, rather than complying with their discovery obligations. Under the circumstances, they have no ground to object to Philip Morris USA's legitimate discovery requests on these plainly relevant subjects.[1]

Finally, Defendant Ronnie Bell has neither objected to the discovery requests nor produced the information requested therein. Accordingly, Philip Morris USA respectfully requests that he too be compelled to comply with the outstanding discovery requests.

This is the second time that Defendants have stonewalled Philip Morris USA, leaving it with no choice but to seek the Court's intervention in compelling Defendants' responses to discovery requests. Their pattern of willful disregard for their discovery obligations should not be permitted to continue. Philip Morris USA respectfully requests that the Court compel Defendants to comply with their obligations in this litigation.

---

[1] On April 12, 2010, the Court entered a Protective Order, which permits any party to this action to designate certain material "confidential" or "highly confidential," provided that the material qualifies for protection under the order. *See* Exhibit J. The Protective Order is an effective means of addressing Defendants' concerns about any disclosure of personal information.

The Honorable E. Thomas Boyle
June 11, 2010
Page 3

Respectfully Submitted,

Jennifer L. Larson

cc:     James F. Simermeyer, Esq. (*via ECF*)
        Howard Leader, Esq. (*via ECF*)